

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 6, 2026

**BY CM/ECF AND EMAIL**

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 4/17/2026 |

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

**Re:** ***United States v. Su Jian Liu*, 25 Cr. 334 (MKV)**

Dear Judge Vyskocil:

Trial in this case is scheduled to commence on June 9, 2026. The Government respectfully submits this letter motion seeking an order authorizing a victim located in Texas (the "Texas Victim") to provide two-way video testimony in the above-captioned case. For the reasons explained below, the Government's request is made in light of exceptional circumstances and in the interest of justice. Counsel for Defendant Su Jian Liu does not object to the request and defers to the Court's ruling.[1]

**A. Applicable Law**

The Second Circuit Court of Appeals has authorized the use of two-way video testimony "[u]pon a finding of exceptional circumstances" and when it "furthers the interests of justice." *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999). The Circuit has observed that, unlike one-way video, two-way video "preserve[s] the face-to-face confrontation" required by the Sixth Amendment. *Id.* In determining whether to permit testimony by two-way video, courts in this District have applied the rules used in connection with Rule 15 depositions and allowed video testimony "only when (1) the witness's testimony is material; (2) the Government has made good-faith and reasonable efforts to obtain the witness's presence and is unable to do so (that is, the witness is 'unavailable' within the meaning of the case law), and (3) allowing testimony by such means furthers the interests of justice." *United States v. Mostafa*, 14 F. Supp. 3d 515, 521 (S.D.N.Y. 2014); *accord United States v. Buck*, 271 F. Supp. 3d 619, 622–23 (S.D.N.Y. 2017); *United States v. Donziger*, No. 11 Civ. 691 (LAK), 2020 WL 5152162, at *2 (S.D.N.Y. Aug. 31, 2020).

A witness's "testimony is material if it is 'highly relevant to a central issue in the case . . . '" *United States v. Grossman*, No. 03 Cr. 1156 (SHS), 2005 WL 486735, at *3 (S.D.N.Y Mar. 2,

---

[1] Co-Defendant Jingbin Jiang is currently scheduled to plead guilty on April 7, 2026.

2005) (citing *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993)); *see, e.g.*, *Drogoul*, 1 F.3d at 1553 (in bank fraud trial involving bank employee, testimony of defendant's superiors that they had not authorized the allegedly fraudulent transaction was material because it rebutted an expected defense); *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984) (in trial related to transport of stolen securities, testimony of Swiss witnesses involved in arranging the transport was material).

A witness's "[u]navailability is defined by reference to Rule 804(a) of the Federal Rules of Evidence." *Gigante*, 166 F.3d at 81; *see also United States v. Ahmed*, No. 14 Cr. 277 (DLI), 2016 WL 3653961, at *1–2 (E.D.N.Y. July 1, 2016) (considering Federal Rule of Evidence 804(a)(4) in determining whether a witness was unavailable for purposes of Federal Rule of Criminal Procedure 15). Thus, a witness is unavailable for trial if, among other reasons, he or she "cannot be present or testify at the trial . . . because of . . . a then-existing infirmity, physical illness, or mental illness." Fed. R. Evid. 804(a)(4); *see United States v. Gigante*, 971 F. Supp. 755, 756 (E.D.N.Y. 1997), *aff'd on other grounds* 166 F.3d 75 (2d Cir. 1999). "Exigent health circumstances that preclude a witness from traveling to testify at trial have consistently been held to satisfy this 'unavailability' requirement." *United States v. Colello*, 2023 WL 3584466, at *1 (S.D.N.Y. May 18, 2023) (JSR); *see also United States v. Rossy*, 2023 WL 8520732, at *1 (S.D.N.Y. Dec. 8, 2023) (collecting cases).

## B. The Texas Victim's Expected Testimony is Material

The Texas Victim is expected to testify about being defrauded in or around December 2023. Specifically, the Texas Victim received a phone call from an individual purporting to be a representative of Amazon, who asked whether the Texas Victim had recently bought a computer. When the Texas Victim stated that he had not, the purported Amazon representative transferred the Texas Victim's call to a purported representative of Amazon's Fraud Department, who told the Texas Victim that his bank accounts had been compromised, but they would assist the Texas Victim in transferring funds to the Federal Business Administration for keeping his funds safe. The Texas Victim was told that a representative of the Federal Business Administration would be coming to the Texas Victim's house to pick up the money. Over the next several weeks, a variety of couriers traveled to the Texas Victim's home to pick up boxes containing cash, gold, or gift cards. The Texas Victim ultimately suffered approximately $300,000 in losses, and has not received any of the money back.

The Texas Victim's testimony is highly relevant to the upcoming trial because the Government intends to prove through text messages and witness testimony that the defendant participated in the fraud of the Texas Victim by arranging for at least one courier to travel from New York City to Texas to pick up fraud proceeds from the Texas Victim and to bring them back to New York City to be given to the defendant. Additionally, there was one batch of gold that a courier picked up that was never given to the defendant. As a result, the defendant threatened the courier on multiple occasions to pressure the courier to bring the Texas Victim's gold to the defendant. For this reason, the Texas Victim's anticipated testimony is both "material" and "highly relevant to a central issue in the case," that is, proving up the existence of a fraud scheme

that involved the Texas Victim and others, and proving that the defendant was a knowing and willing participant in the fraud scheme.

### C. The Texas Victim is Unavailable to Testify at Trial

The Government initially interviewed the Texas Victim by telephone on March 19, 2026, and the Texas Victim expressed health-related concerns regarding his ability to travel to New York City to testify at the trial.  The Texas Victim's doctor stated in conclusion: "It is my medical opinion that the proposed travel is beyond his capacity to perform given his medical status."[2]  Later that day, the Government contacted defense counsel by email to explain the situation, and defense counsel responded that he will defer to the Court's ruling on this issue.

Other cases have allowed two-way testimony where a witness's serious health conditions prevented him from safely testifying in person.  The facts at issue mirror those under which other judges in this District have permitted a witness to testify remotely via two-way video testimony. *See, e.g.*, *United States v. Akhavan*, 523 F. Supp. 3d 443, 455 (S.D.N.Y. 2021); *Colello*, 2023 WL 3584466, at *1; *Rossy*, 2023 WL 8520732, at *1 (collecting cases).

### D. Conclusion

Based on the foregoing, the Government respectfully requests that the Court authorize the two-way video testimony of the Texas Victim.  In the event that the Court grants the Government's

---

[2] Because this paragraph describes in detail the Texas Victim's private medical information, the Government respectfully requests that it be redacted in the public filing.  The Government will file an unredacted version of this letter with the Court under seal.

motion, the Government will confer with the courtroom's information technology staff and will be prepared to make any necessary arrangements in advance of the Texas Victim's testimony.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By: _____
Andrew K. Chan / Angela Zhu
Assistant United States Attorneys
(212) 637-1072 / -1027

Cc: Robert Adinolfi, Esq., and Louis Klein, Esq.

**Granted. SO ORDERED.**

Date: April 17, 2026
New York, New York

Mary Kay Vyskocil
United States District Judge

4